**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6881**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RODERICK D. STEVENS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:12-cr-00140-BO-2; 7:15-cv-00184-BO)

Submitted: July 26, 2018                    Decided: August 16, 2018

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Roderick D. Stevens, Appellant Pro Se. Donald Russell Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick D. Stevens appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking relief from the court's judgment denying Stevens' 28 U.S.C. § 2255 (2012) motion. On appeal, Stevens argues that the district court erred in denying Rule 60(b) relief and declining to allow him to amend his § 2255 motion. We granted a certificate of appealability as to two issues: (1) whether the district court had jurisdiction to deny Stevens' Rule 60(b) motion on the ground that it did not present a meritorious claim or defense; and (2) if so, whether the district court erred in rejecting two of Stevens' proposed claims of ineffective assistance of counsel. After considering the parties' briefs, we vacate and remand for further proceedings.

Generally, to obtain relief from a judgment under Rule 60(b), a movant must make a threshold showing of "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances," and "then must satisfy one of the six specific sections of Rule 60(b)." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (internal quotation marks omitted). In the habeas context, however, the permissible use of Rule 60(b) is more closely circumscribed due to the statutory limitations on second or successive § 2255 motions and 28 U.S.C. § 2254 (2012) petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (distinguishing between true Rule 60(b) motion and successive habeas petition); *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (same); *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) (same). "Using Rule 60(b) to present new claims for relief from a . . . judgment of conviction—even claims couched in

2

the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *See Gonzalez*, 545 U.S. at 531. Thus, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255 motion]." *Winestock*, 340 F.3d at 206.

Stevens argued in his Rule 60(b) motion that, prior to the district court's order ruling on his § 2255 motion, he had moved the district court for leave to amend his § 2255 motion to raise additional claims, but the court did not address his motion or these additional claims in denying § 2255 relief. Stevens stated that his motion to amend had raised three claims: (1) counsel misrepresented the statutory maximum term of imprisonment applicable to Stevens' wire fraud conspiracy offense in light of *United States v. Ubankanma*, 215 F.3d 421, 426 (4th Cir. 2000), which, coupled with the district court's and the Government's similar representations, rendered Stevens' guilty plea involuntary; (2) counsel at sentencing and on appeal were ineffective in failing to object to Stevens' term of supervised release, which exceeded the statutory maximum under *Ubankanma*; and (3) the sentencing court erred in applying a specific Guidelines enhancement in light of Stevens' guilty plea to aggravated identity theft, and counsel was ineffective in failing to object. In his Rule 60(b) motion, Stevens did not argue the merits of these new claims, but instead sought to reopen the underlying proceedings to develop the claims and to permit the court to consider their merits.

Stevens' Rule 60(b) motion, as he describes it, was properly classified as a true Rule 60(b) motion because it "challenge[d] [a] defect in the integrity of the federal

3

habeas proceedings"—namely, the court's purported failure to address Stevens' motion to amend his § 2255 motion. *McRae*, 793 F.3d at 397 (internal quotation marks omitted); *see Gonzalez*, 545 U.S. at 531-32. Although the district court noted that it had not docketed a motion to amend, it did not resolve whether Stevens had attempted to file a motion to amend during the pendency of his § 2255 proceedings. Instead, the court denied Rule 60(b) relief after concluding that Stevens could not satisfy the requirement of a meritorious claim or defense.

While Rule 60(b) directs a district court to consider whether the movant presents a meritorious defense, "Rule 60(b) applies to § 2255 proceedings . . . only to the extent that it is not inconsistent with applicable statutory provisions and rules." *McRae*, 793 F.3d at 397 (alteration and internal quotation marks omitted). Without vacating its judgment based on a finding that Stevens sought and was entitled to amend his § 2255 motion during his initial § 2255 proceedings, the court lacked jurisdiction to address the merits of his proposed claims.

Accordingly, we vacate the district court's order and remand to permit the district court to consider whether Stevens submitted a motion to amend prior to the district court's § 2255 judgment or, alternatively, whether the Rule 60(b) motion should be dismissed as an unauthorized, successive § 2255 motion. In so doing, we express no opinion as to the propriety of Rule 60(b) relief or the merits of the proposed claims, discussed above, described in Stevens' Rule 60(b) motion. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*VACATED AND REMANDED*